**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TARIQ WYATT** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN KILROY, et al.** | : | **NO. 14-2867** |

**MEMORANDUM**

**SÁNCHEZ, J.**                                                                MAY 29, 2014

Plaintiff Tariq Wyatt brings this action pursuant to 42 U.S.C. § 1983, against his court-appointed lawyers, John Kilroy and Julie Smythe, and the "Municipality of Philadelphia County." He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.    FACTS

Plaintiff was arrested on December 3, 2013, for attempted murder and related charges. Defendants Kilroy and Smythe were appointed by the court to represent plaintiff in the related criminal proceeding in the Philadelphia courts. Plaintiff alleges that he wanted to plead guilty immediately, apparently to avoid being held in the county jail rather than at state prison, but that his attorneys delayed the process, forcing him to undergo mental health evaluations and denying him access to the court. As a result, plaintiff was incarcerated in one of the Philadelphia county jails until May 14, 2014. He claims that the conditions in which he was held violated his rights because he was placed in a psychiatric observation cell for an unnecessarily long period of time, housed with a violent inmate who assaulted him, and deprived of an adequate amount of food. He also alleges that a correctional officer stole his sneakers.

1

Based on those allegations, plaintiff brought claims against his attorneys, pursuant to 42 U.S.C. § 1983, allegedly for violating his constitutional rights.  He also named the City of Philadelphia as a defendant, apparently because his attorneys are employed by the City.  Plaintiff seeks compensatory and punitive damages, and a declaration that his constitutional rights were violated.

## II.  STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.  DISCUSSION

"[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995)).  "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted); *see also Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position

2

as officers of the court."). Accordingly, plaintiff cannot state a constitutional claim against his attorneys because neither of them are state actors for purposes of § 1983.

Plaintiff's claims against Philadelphia also fail. It is apparent that plaintiff named the City as a defendant because it employs his attorneys. However, *respondeat superior* is an insufficient basis for municipal liability under § 1983. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (local governments are not liable under § 1983 "for an injury inflicted solely by [their] employees or agents," but are liable if a municipal custom or policy caused the plaintiff's injury). Accordingly, plaintiff has not stated a claim against the City.[1]

## IV.    CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As it does not appear that plaintiff can cure the defects in his claims, amendment would be futile. An appropriate order follows.

---

[1] To the extent the complaint can be understood to raise claims against the City based on plaintiff's conditions of confinement, he still has not stated a claim. In any event, he is already pursuing claims based on the assault in a previously-filed lawsuit that is currently pending in this Court. *See Wyatt v. Kilroy*, Civ. A. No. 14-1205 (E.D. Pa.).

3